IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>  v.<br><br>ERVIN L. SMITH, JR.,<br><br>     Defendant. | 8:19CR68<br><br>ORDER |

  This matter is before the Court on defendant Ervin L. Smith, Jr.'s ("Smith") *pro se* motion for a sentence reduction (Filing No. 174-1) under 18 U.S.C. § 3582(c)(1)(A)(i). As amended by the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018), that subsection of the statute authorizes Smith to move the Court to "reduce [his] term of imprisonment" for "extraordinary and compelling reasons" thirty days after the warden of the facility where he is incarcerated receives a request to file such a motion on his behalf. *See also United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (stating that before a defendant can request a sentence reduction under § 3582(c)(1)(A)(i), he "must at least ask" the federal Bureau of Prisons ("BOP") to make a motion on his behalf and give it thirty days to respond to his request).

  As grounds for his motion, Smith raises some serious concerns about his father's poor health and describes the need for Smith to care for him. *See* U.S.S.G. § 1B1.13(b) (describing extraordinary and compelling family circumstances). But Smith does not say whether he has taken any steps to exhaust his administrative remedies or otherwise comply with § 3582(c)(1)(A)(i).

  Though not jurisdictional, *see, e.g.*, *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021); *accord United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021) (clarifying the "requirement is a mandatory claim-processing rule"), § 3582(c)(1)(A)(i)'s

"requirement that a defendant file a request with the BOP before filing a motion in federal court" often serves important purposes, *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020) (discussing the importance of the orderly progression of litigation); *see also Raia*, 954 F.3d at 597 (noting the BOP's experience and expertise and its important statutory role in evaluating motions to reduce).

On initial review, the Court finds that Smith has potentially raised "extraordinary and compelling reasons" to reduce his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). At the same time, the Court believes Smith's failure to show he has met one of the statutory prerequisites under § 3582(c)(1)(A) before directly asking the Court for a sentence reduction "presents a glaring roadblock" to efficient and effective judicial review of his request for a sentence reduction. *Raia*, 954 F.3d at 597. In light of the circumstances of this case, the Court sees value in ensuring that Smith first present his request for a sentence reduction to the BOP.

For those reasons, defendant Ervin L. Smith, Jr.'s *pro se* motion for a sentence reduction (Filing No. 174-1) is denied without prejudice to refiling when he can show either of § 3582(c)(1)(A)(i)'s statutory prerequisites have been met. *See Houck*, 2 F.4th at 1084 (noting "courts dismiss unexhausted compassionate-release motions without prejudice").

IT IS SO ORDERED.

Dated this 16th day of September 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge