IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ERVIN L. SMITH, JR.,<br><br>　　　　　Defendant. | 8:19CR68<br><br><br>ORDER |

　　　　This matter is before the Court on defendant Ervin L. Smith, Jr.'s ("Smith") *pro se* Motion for Sentence Reduction (Filing No. 191) under 18 U.S.C. § 3582(c)(1)(A). Pursuant to 18 U.S.C. § 3582(c)(1)(A). Such requests are commonly referred to as motions for compassionate release. *See United States v. Totaro*, 91 F.4th 1263, 1264 (8th Cir. 2024). Smith seeks relief based on his father Ervin Smith, Sr.'s ("Smith, Sr.") deteriorating medical condition. Smith claims that no one else is available to care for his father.[1]

I.   BACKGROUND

　　　　A Superseding Indictment was filed on December 10, 2019, charging Smith with three counts of interference with commerce by robbery, one count of brandishing a firearm during a crime of violence and one count of discharging a firearm during a crime of violence. *See* 18 U.S.C. §§ 924(c), 1951, 2. Smith pleaded guilty to all five counts under a written plea agreement (Filing No. 94). On September 11, 2020, Smith was sentenced to a total term of imprisonment of 168 months, to be followed by 3 years of supervised release. His projected release date from the Bureau of Prisons is December 6, 2030.

---

[1] In support of his request, Smith also points to his own efforts at rehabilitation, including the completion of his GED and the completion of his classes toward his commercial driver's license.

Smith claims that his father Smith, Sr. has multiple serious health conditions that affect his ability to care for himself. His conditions include heart problems and brain tumors that have led to frequent seizures. The government does not dispute Smith, Sr.'s medical conditions.

Smith, Sr. is currently living with and being assisted by his parents, both of whom are in their seventies. As part of the investigation, the probation officer spoke to them regarding Smith, Sr.'s medical situation and the amount of assistance that is and could be provided by family members and by outside aides.

Smith, Sr. is able to move around his home with the aid of a walker. He can bathe himself and otherwise generally care for himself. His mother informed the investigating probation officer that her son is covered by both Medicare and Medicaid. When asked if a home-health aide was an option, she simply responded that her son (Smith, Sr.) is "stubborn." She also indicated that Smith, Sr.'s daughters are available to assist and at least one of them provides regular assistance when needed.

## II.   DISCUSSION

As amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), § 3582(c)(1)(A)(i) authorizes Smith to ask the Court to "reduce [his] term of imprisonment" for "extraordinary and compelling reasons" thirty days after the warden of the facility where he is incarcerated receives a request to file such a motion on his behalf. *See United States v. Sims*, 87 F.4th 917, 919 (8th Cir. 2023) (noting the district court's discretion "to grant or deny" relief when those statutory requirements are met). Smith avers that his warden denied his properly presented request on November 25, 2024. The government does not dispute that Smith has met the prerequisites for seeking relief in this Court.

When evaluating a request for compassionate release, the Court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a). *See id.* § 3582(c)(1)(A); U.S.S.G. § 1B1.13(a). In large part, Congress delegated the task of defining "what should be

considered extraordinary and compelling reasons" for reducing a sentence to the United States Sentencing Commission ("Sentencing Commission"). 28 U.S.C. § 994(t); *accord United States v. Rodriguez-Mendez*, 65 F.4th 1000, 1002 (8th Cir. 2023). The Sentencing Commission has provided guidance on circumstances to be considered by a court in ruling on a compassionate-release request.

In pertinent part, United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 (b)(3)(C) provides that extraordinary and compelling reasons could exist where the "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." Based upon the investigation detailed in the Report, Smith has not established that he would be the only available caregiver for Smith, Sr.

As requested by Smith and his counsel, the Court has also considered his age at the time of the offense as well as his attempts at rehabilitation (which the Court commends). Also considered was the nature and circumstances of the offenses which led to the sentence.

Having carefully reviewed Smith's motion, the supporting documentation, the government's response, and the Report, as well as § 1B1.13 and the § 3553(a) sentencing factors, the Court finds that there are no extraordinary and compelling reasons sufficient to support compassionate release. Smith's motion is denied.

IT IS SO ORDERED.

Dated this 28th day of July 2025.

BY THE COURT

*[signature]*

Robert F. Rossiter, Jr.
Chief United States District Judge